## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States of America v. Iulai Mikaele*
Case No. 3:21-cr-00101-TMB-MMS

By: THE HONORABLE TIMOTHY M. BURGESS

<u>PROCEEDINGS</u>: ORDER FROM CHAMBERS

The matter comes before the Court on the Final Report and Recommendation ("Final R&R") of the Chief Magistrate Judge,[1] recommending the Court deny Defendant Iulai Mikaele's Motion to Suppress (the "Motion").[2] Mikaele objected to portions of the Initial Report and Recommendation ("Initial R&R") and the Government did not file any objections.[3] The Magistrate Judge responded to these objections in the Final R&R; there are no outstanding objections.[4] Pursuant to statute, the Court has conducted a *de novo* review,[5] and for the reasons discussed below, the Court **ACCEPTS and ADOPTS** the Final R&R at Docket 172. Accordingly, the Motion at Docket 163 is **DENIED**.

   *A. Background*

The Court assumes the parties' familiarity with the underlying facts and proceedings in this case, relevant portions of which are detailed in the Initial R&R.[6] In October 2021, Canadian authorities notified the Alaska State Troopers ("AST") that a United Parcel Service, Inc. ("UPS") parcel containing a controlled substance was destined for Anchorage, Alaska.[7] AST executed a warrant on the UPS parcel and conducted a controlled delivery to its destination.[8] A cooperating human source ("CHS") told AST that a Samoan man had come to the CHS's residence, picked up approximately eight pounds of methamphetamine, and would likely go back to his own residence.[9] The CHS directed law enforcement to where the CHS believed the Samoan man lived ("Target Residence").[10] Law enforcement traveled to the Target Residence and observed a silver Chevy

---

[1] Dkt. 172 (Final R&R).
[2] Dkt. 163 (Motion).
[3] Dkt. 168 (Defense Objections); Dkt. 166 (Initial R&R).
[4] *See* Dkt. 172.
[5] 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy [of the magistrate judge's proposed findings and recommendations], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").
[6] *See* Dkt. 166 at 2–3.
[7] Dkt. 163, Ex. A at 9.
[8] *Id.*
[9] *Id.*
[10] *Id.* at 9.

truck parked outside that matched the description of a truck surveillance observed earlier that day.[11]

On October 8, 2021, law enforcement seized and arranged the controlled delivery of a second parcel containing a controlled substance.[12] Mikaele contacted the CHS the next day to arrange a retrieval.[13] Surveillance set up in the area of the meet location.[14] Mikaele arrived with Daniel Mathiason in a white Chevy.[15] The CHS provided a quantity of "sham" drugs.[16] Officers then arrested the subjects on the scene.[17]

During the search incident to that arrest, law enforcement retrieved two cell phones from Mikaele.[18] Law enforcement subsequently applied for and obtained a search warrant to search Mikaele's Target Residence and a separate warrant to search his cell phone.[19]

Mikaele's Motion seeks suppression of all evidence obtained from the two search warrants, arguing that specific paragraphs of the affidavits supporting the search warrants violate *Franks v. Delaware*.[20] Regarding the affidavit supporting the search of his residence ("Residence Affidavit"), Mikaele challenges three paragraphs.[21] Regarding the affidavit supporting the search of his cell phone ("Cell Phone Affidavit"), Mikaele challenges two paragraphs.[22] Mikaele argues that each contains statements that either are intentional, deliberate falsehoods or made with reckless disregard for their truth.[23]

The Government responded to Mikaele's Motion, arguing primarily that Mikaele was not entitled to a *Franks* hearing because he failed to make a substantial preliminary showing that any of the affiant's statements in the two affidavits were false.[24] No evidentiary hearing was held.[25]

### B. Initial R&R and Objections

On August 25, 2023, the Magistrate Judge filed the Initial R&R recommending that the Court deny the Motion.[26] The Magistrate Judge noted his authority to make "reasonable inferences from the

---

[11] *Id.*
[12] *Id.* at 10.
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] Dkt. 163 at 3–4.
[19] *Id.* at 1.
[20] *Id.* at 1 (citing *Franks v. Delaware*, 438 U.S. 154, 159 (1978)).
[21] *Id.* at 5–6.
[22] *Id.* at 6.
[23] *Id.* at 7.
[24] Dkt. 164 (Response in Opposition to Mikaele's Motion to Suppress).
[25] Dkt. 172 at 2.
[26] Dkt. 166 at 1.

materials presented."[27] Further, the Magistrate Judge found that "inaccuracy is not by itself cause for a *Franks* violation" because the defendant must show an allegation of "intentional or reckless falsity" that "challenge[s] the veracity of the *affiant*, not that of his *informant*."[28] The Magistrate Judge concluded that Mikaele had not established any *Franks* violations in the three challenged paragraphs in the Residence Affidavit and two challenged paragraphs in the Cell Phone Affidavit.[29]

First, the Magistrate Judge concluded that one of Mikaele's challenges to the Residence Affidavit was to a "possible inference" that the Magistrate Judge "did not necessarily" make.[30] Mikaele urged that law enforcement falsely stated that his vehicle "which is a silver in color truck" was observed at the Target Residence, but the Residence Affidavit merely noted that "a silver truck was observed coming and going from the rear of the apartment complex."[31] That the silver truck law enforcement observed at the Target Residence belonged to Mikaele was only one possible inference that the Magistrate Judge could have made, and as such the Magistrate Judge concluded it was not in itself a *Franks* violation.[32]

Next, the Magistrate Judge concluded that another of Mikaele's challenges to the Residence Affidavit and both challenges to the Cell Phone Affidavit did not constitute *Franks* violations because they challenged only the veracity of the informant, not the veracity of the affiant.[33] Mikaele argued against the truth of certain statements the CHS made, which law enforcement had included in the Residence Affidavit and Cell Phone Affidavit.[34] But the Magistrate Judge noted that "[e]ach of these is an objection to the factual assertions to an informant," and that "*Franks* does not offer an avenue to challenge the informant."[35]

The Magistrate Judge concluded that Mikaele's remaining challenge to the Residence Affidavit was a mere "bald assertion" that failed to "amount to a preliminary showing of falsity under *Franks*."[36] Law enforcement attributed several statements to Mathiason in the Residence Affidavit, including Mathiason identifying the Target Residence on a map and stating that Mikaele had placed certain drugs in a vehicle console; Mikaele contends that Mathiason never made these statements.[37] The Magistrate Judge concluded that Mikaele's argument is insufficient to demonstrate a *Franks* violation, noting the Government's arguments that these statements were supported by law enforcement's own observations and multiple statements from the CHS.[38] Further, the Magistrate Judge concluded that even if the paragraph containing the challenged

---

[27] *Id.* at 4.
[28] *Id.* at 3–4.
[29] *Id.* at 4–7.
[30] *Id.* at 4–5.
[31] *Id.*; Dkt. 163, Ex. A at 9.
[32] Dkt. 166 at 4–5.
[33] *Id.* at 5–6.
[34] *Id.*
[35] *Id.* at 6.
[36] *Id.* at 6–7.
[37] *Id.*
[38] *Id.*

statements were excised, the remainder of the Residence Affidavit would continue to support probable cause to search Mikaele's residence.[39]

Mikaele filed objections to the Initial R&R and requested a *Franks* hearing, urging that he had made the requisite showing.[40] Mikaele again argued that three paragraphs in the Residence Affidavit and two paragraphs in the Cell Phone Affidavit contained *Franks* violations.[41]

Mikaele argued that the affidavits are "devoid" of information "as to the informant's veracity [and] trustworthiness" and to the reliability of the basis of the informant's information.[42] Mikaele also challenged the affidavits as lacking specificity. Mikaele argued that the silver Chevy truck observed near the Target Residence was not confirmed as Mikaele's silver Chevy truck with a license plate number or "other descriptive factors."[43] He also challenged the officers' identification of him based on the CHS's identification because the CHS identified Mikaele as a "Samoan male with no other physical descriptors."[44] Mikaele suggested that "the district court should determine whether the affidavit was tainted with false or recklessly inaccurate information from the officer that was obtained from the CHS and, if so, whether the affidavit can be purged without destroying the foundation for the warrant."[45] The Government did not respond.

### C. Final R&R

The Magistrate Judge then issued the Final R&R, concluding that Mikaele did not meet the burden required for a *Franks* hearing of a predicate showing of either knowing or reckless falsity on an affiant's behalf.[46] The Magistrate Judge found that "both affidavits meet [the] threshold of reliability."[47] First, the Magistrate Judge observed that the credibility of the CHS's statements was supported by the fact that the statements were made against the CHS's own penal interest, and based on the CHS's personal observations.[48] Further, the Magistrate Judge observed that "both affidavits stand based on separate paragraphs regarding law enforcement's own observation of Mikaele" meeting with the CHS and retrieving the sham drugs from the parcel.[49] Thus, even if the CHS's statements were excised, the Magistrate Judge found that the affidavits would still establish probable cause that Mikaele was involved in attempted possession of controlled substances and that the Target Residence and Mikaele's cell phone might contain related evidence.[50]

---

[39] *Id.*
[40] Dkt. 168 (Objections to Final [sic] Report and Recommendation on Motion to Suppress).
[41] *Id.* at 1–2.
[42] *Id.* at 4.
[43] *Id.* at 5–6.
[44] *Id.*
[45] *Id.* at 5.
[46] Dkt. 172 at 2–3.
[47] *Id.* at 3.
[48] *Id.* at 3–4.
[49] *Id.* at 4.
[50] *Id.*

*D. Discussion*

After a *de novo* review of the R&R, the parties' objections, and the record, the Court agrees with the Magistrate Judge's recommendation to deny the Motion. Further, "[a] defendant is entitled to a *Franks* hearing only if he makes a two-fold showing: (1) intentional or reckless inclusion or omission, and (2) materiality."[51] The Court agrees with the Magistrate Judge that Mikaele's challenges in the Motion and in his Objections to the Initial R&R do not meet this standard; therefore, no *Franks* hearing was warranted.

1. The Magistrate Judge Did Not Err by Concluding that the Possible Inference was Not a *Franks* Violation.

First, the Court agrees with the Magistrate Judge that Mikaele's conclusory statement regarding the ownership of the silver truck law enforcement observed near the Target Residence constitutes only a "possible inference" and not one that the Magistrate Judge necessarily made, based on the record.[52] The challenged affidavit paragraph does not state that the silver truck was Mikaele's silver Chevy, nor does the Magistrate Judge confirm that he in fact made that inference.[53]

But even if the Magistrate Judge had made the inference, the Court finds that it would not have given rise to a *Franks* violation. A magistrate judge reviewing a search warrant application may make "reasonable inferences" based on the record.[54] Mikaele's vehicle is a "silver in color truck" and the challenged paragraph indicates law enforcement observed a "silver truck" at the surveillance location during the controlled delivery of the parcel.[55] The affidavit reflects that law enforcement later observed a silver Chevy truck parked outside the Target Residence matching the description that surveillance observed earlier that day, and that the CHS had described.[56] Given these corroborating details in the materials presented to the Magistrate Judge, the Court concludes that the Magistrate Judge's possible inference that the silver Chevy truck observed by both law enforcement and the CHS could have been Mikaele's silver Chevy truck would have been reasonable if made.

2. The Magistrate Judge Did Not Err by Concluding that the Challenges to the Veracity of the Informant Did Not Constitute *Franks* Violations.

The Court further agrees with the Magistrate Judge that Mikaele's challenges to the CHS's veracity do not give rise to a *Franks* violation. *Franks* violations target only the veracity of an affiant, not an informant.[57] Mikaele raises no such challenges to the law enforcement officers in either his Motion or his Objections to the Initial R&R. As the Magistrate Judge observed, Mikaele's

---

[51] *United States v. Bennett*, 219 F.3d 1117, 1124 (9th Cir. 2000).
[52] *See* Dkt. 166 at 5.
[53] *See id.*
[54] *Illinois v. Gates*, 462 U.S. 213, 240 (1983).
[55] Dkt. 166 at 5; Dkt. 163-1 at 9.
[56] Dkt. 163-1 at 9.
[57] *See Franks v. Delaware*, 438 U.S. 154, 171 (1978) ("The deliberate falsity or reckless disregard . . . is only that of the affiant, not of any nongovernmental informant.").

challenges are to the substantive facts of the CHS's statements to law enforcement, as reflected in the affidavit, and to the veracity of the CHS's statements to law enforcement generally.[58] Thus, the Court agrees with the Magistrate Judge that these challenges do not give rise to a *Franks* violation.

   3. The Magistrate Judge Did Not Err by Concluding that Mikaele's "Bald Assertion[s]" of Falsity Did Not Warrant a *Franks* Hearing.

Finally, the Court agrees with the Magistrate Judge that Mikaele's "bald assertion[s]"[59] of the falsity of the CHS's statements in the Residence Affidavit do not establish the threshold challenge that warrants a *Franks* hearing, nor do they alone warrant suppression. Mikaele's argument is essentially a challenge to the truth of certain statements that law enforcement attributed to Mathiason.[60] As an initial matter, the Court agrees with the Magistrate Judge that even if the statements that Mikaele challenges were excised from the Residence Affidavit, the affidavit provides sufficient probable cause to support the search warrants.[61] Notably, Mikaele had been identified by the CHS, and law enforcement observed Mikaele and Mathiason meet the CHS and receive sham drugs during the controlled delivery. But further, the Court agrees with the Magistrate Judge that Mikaele's contrary assertions of certain facts, without further support, do not demonstrate the "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit"[62] required for a *Franks* hearing.

   E. Conclusion

The Court agrees with the Magistrate Judge's conclusion that Mikaele has not established any *Franks* violations in the three challenged paragraphs in the Residence Affidavit and two challenged paragraphs in the Cell Phone Affidavit and both affidavits still establish probable cause. Accordingly, the Court **ACCEPTS AND ADOPTS** the Final R&R at Docket 172 and **DENIES** the Motion to Suppress at Docket 163.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE:        October 25, 2023.

---

[58] *See* Dkt. 166 at 5–6.
[59] *Id.* at 6.
[60] *See* Dkt. 163-1 at 10.
[61] *See* Dkt. 172 at 4.
[62] *See Franks*, 438 U.S. at 155–56.

-6-